UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
B.C. on behalf of her minor son, B.M.,                    ECF CASE

                                        Plaintiff,        Civil Action No. 12 cv. 5605 (ER)
        -against-

Pine Plains Central School District,
                                        Defendant.
--------------------------------------------------------x


### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(1) and 12(b)(6)


                                        SUSSMAN & WATKINS
                                        *Attorneys for Plaintiff*
                                        55 Main Street
                                        Goshen, NY   10924
                                        (845) 294-3991
                                        (845) 294-1623 (Fax)

                                        Mary Jo Whateley (mw9535)
                                        *Of Counsel*


1

# TABLE OF AUTHORITIES

*Baldessarre v. Monroe-Woodbury S.Dt.,* 2012 U.S. App. LEXIS 19275 ................... 6

*Davis v Operation Amigo, Inc.* 378 F2d 101 (10th Cir. 1967) ............................... 9

*Finger Lakes Racing Assn., Inc. v. New York State Racing & Wagering Bd.,*
45 N.Y.2d 471, 480-481, 382 N.E. 2d 1131, 410 N.Y.S.2d 268 ........................... 7

*Levine v. Greece Central School District,* 2009 U.S. App. LEXIS 24878 (2nd Cir.) .......... 5

*M.N. v. New York City Department of Education,* 700 F.Supp.2d 356 (S.D.N.Y. 2010) . 6

*Marshall v Sielaff,* 492 F2d 917 (3rd Cir. 1974) .............................................. 9

*Reed Elsevier, Inc. v. Muchnick,* 130 S.Ct. 1237, 1243-44 (2010) ........................... 5

*S.S.,* 2010 U.S. Dist. LEXIS 25133, 2010 WL 983719. ........................................ 7

*United States ex rel. Drake v Norden Sys.* 375 F3d 248 (2nd Cir. 2004) .................... 10

*In re Zarnel,* 619 F.3d 156, 168 (2d Cir. 2010) .............................................. 6

## State Administrative Decisions

*Application of a Student with a Disability,* SRO Appeal No. 95-66 ....................... 7

## State Regulations

*8 NYCRR 275.8(b)* ............................................................................. 8, 9

## PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in opposition to defendant's Rule 12(b)(1) motion seeking dismissal of the complaint in its entirety arguing that this Court lacks subject matter jurisdiction over unexhausted claims.

## STATEMENT OF FACTS

Plaintiff is the natural parent of B.M., and resides within this judicial district. Defendant Pine Plains Central School District is a municipal corporation organized to provide educational services in compliance with state and federal laws and regulations. It does business within this judicial district.

B.M. is a 13 year-old student who has been diagnosed with severe dyslexia and has been classified by Defendant has having a Learning Disability. For the 2010-11 school year, the Defendant failed to provide B.M. with a free and appropriate public education as mandated by both Federal and State laws.

Plaintiff filed a due process complaint against the Defendant dated June 27, 2011. After a 5-day hearing, the impartial hearing officer (IHO) rendered his decision in favor of the Defendant on January 19, 2012.

On February 22, 2012, Plaintiff timely served her Notice of Petition, Verified Petition and Memorandum of Law in support of her Petition on the Defendant and timely filed all documents with the State Review Officer (SRO). *(See, Whateley Aff., Ex. 1).*

On February 23, 2012, the SRO exercised its discretion and returned the petition to plaintiff's attorney, as it was 5 pages longer than the 20 page limit. *(See, Whateley Aff., Ex. 2).*

3

On February 27, 2012, plaintiff forwarded to both Defendant and the SRO, via overnight mail, the Notice of Petition, the Petition, re-formatted to conform with the 20-page limit, and the Memorandum of Law. *(See, Whateley Aff., Ex. 3).*

Thereafter, on February 29, 2012, the SRO acknowledged its receipt and acceptance of Plaintiff's Petition by letter to Defendant's counsel requesting Defendant to file the administrative record by March 1, 2012 and informing the Defendant that it may seek additional time to file the record pursuant to 8 NYCRR 279.10. *(See, Whateley Aff., Ex. 4).*

On March 1, 2012, availing itself of the option offered by the SRO in its 2/29/12 letter, Defendant's counsel sent a letter to the SRO requesting a 6-day extention of time to file the administrative hearing record. Defendant's counsel further informed the SRO that he had communicated with Mr. Sussman and that Mr. Sussman has consented to the extension of time. Additionally, Defendant's counsel acknowledges that, while it had not been served with a notice of intention to seek review, it had been served with the Notice of Petition and Verified Petition on February 22, 2012. *(See, Whateley Aff., Ex. 5).* Defendant's counsel does not raise any opposition to the SRO's acceptance of the Petition and does not treat it as a nullity. Rather, defendant's counsel merely requests – and is granted -- additional time within which to file the administrative record. *(See, Whateley Aff., Ex. 5, p.1, Notation by SRO: "Application Granted", dated 3/1/12).*

The following day, March 2, 2012, Defendant's counsel forwarded to the SRO for filing the administrative hearing record. *(See, Whateley Aff., Ex. 6).*

On March 8, 2012, Defendant's counsel sent a letter to SRO and Plaintiff's attorney forwarding its Verified Answer and Memorandum of Law. *(See, Whateley Aff., Ex. 7).*

In its answer, the Defendant raised two procedural defenses: (1) that petitioner failed to serve a notice of intention to seek review in accordance with 8 NYCRR 279.2; and (2) that Plaintiff failed to serve the revised petition upon respondent. *(See, Whateley Aff., Ex.8).*

On April 11, 2012, the SRO forwarded Plaintiff's counsel a copy of the SRO's decision No. 12-042, and informed him that the SRO decision would be final unless challenged by the parent or school district in either federal or state court. *(See, Whateley Aff., Ex. 9).*

Having exhausted her administrative remedies, Plaintiff commenced the present action on July 20, 2012. Defendant has not answered but, rather, sought and was provided leave to file the within motion.

## LEGAL ARGUMENT

### DEFENDANT'S MOTION UNDER FRCP 12(b)(1) SHOULD BE DENIED AS A FAILURE TO EXHAUST DOES NOT DEPRIVE THIS COURT OF ITS SUBJECT MATTER JURISDICTION

Defendant's sole legal argument for dismissal is that this Court lacks subject matter jurisdiction because plaintiff did not fully exhaust administrative remedies. *(Def. Brief, at 4-11).*[1]

1.      *This Court has subject matter jurisdiction.*

Contrary to defendant district's assertion, even if he were correct that plaintiff has not exhausted her administrative remedies -- which he is not -- such failure would not divest this Court of its subject matter jurisdiction over the within case. See, *Reed Elsevier, Inc. v. Muchnick,* 130 S.Ct. 1237, 1243-44 (2010); *Levine v. Greece Central School District,* 2009 U.S. App. LEXIS 24878 (2nd Cir.).

---

[1] In its motion and affidavit, defendant references FRCP 12(b)(6); however, defendant's legal argument is limited to FRCP 12(b)(1).

5

Plaintiff's counsel is cognizant of the recent Second Circuit decision in *Baldessarre v. Monroe-Woodbury S.Dt.*, 2012 U.S. App. LEXIS 19275 , which held as follows:

> "The plaintiffs urge us to abandon our previous holding and instead "follow the Seventh, Ninth, and Eleventh Circuits, and hold here that a failure to exhaust administrative remedies does not divest the Court of its subject matter jurisdiction but, rather, is an affirmative defense." Appellants' Br. at 20. We decline the invitation, which is beyond our authority as a panel. *See In re Zarnel,* 619 F.3d 156, 168 (2d Cir. 2010) "This panel is bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *(internal quotation marks omitted)).* In any event, whether exhaustion is a jurisdictional prerequisite or simply an affirmative defense is irrelevant here because the defendants properly raised that argument in their answer to the plaintiffs' complaint. *Id.* at 5.

Here, Defendant has not yet answered the complaint.    Further, plaintiff does not concede in her complaint that she failed to exhaust administrative remedies. (*cf., Levine v. Greece Central School District,* 2009 U.S. App. LEXIS 24878, 4 (2ⁿᵈ Cir. 2009).    To the contrary, Plaintiff avers that she has, in fact, exhausted administrative remedies. *(See, Rushfield Aff., Ex. 1, Para. 9).*    Further, other courts have reached the merits of IDEIA cases in the absence of SRO decisions.    For instance, in *M.N. v. New York City Department of Education,* 700 F.Supp.2d 356 (S.D.N.Y. 2010), the parents had objected to a proposed IEP. The IHO concluded after a hearing that the IEP provided the student with a free appropriate public education, the SRO erroneously dismissed the parents' appeal as moot, and the district court, ruling on the merits, affirmed the IHO's determination.  The court recognized that federal courts "are expected to give due weight" to administrative proceedings, and  -- as should the Court here -- it applied this standard to the IHO's findings. *Id.* at 364 (quoting *Walczak,* 142 F.3d at 129) (internal quotation marks omitted); *see also S.S.,* 2010 U.S. Dist. LEXIS 25133, 2010 WL 983719.

2.    *Plaintiff has exhausted  administrative remedies*

Unlike the First Petition which it returned to returned to Plaintiff, the SRO acknowledged

receipt and acceptance of Plaintiff's Second Petition. *(See, Whateley Aff., Ex. 4).*   SRO's

decision dismissing  plaintiff's appeal is subject to challenge in this Court, and the SRO so

acknowledges in its April 11, 2012 letter to Plaintiff. *(See, Whateley Aff., Ex. 9).*

The SRO has discretion to dismiss petitions that do not comport with Part 279 of the

Regulations of the Commissioner of Education *(8 NYCRR 279).* [2]  However, it is respectfully

urged that, in this case, the SRO's decision to dismiss plaintiff's petition was arbitrary and not in

keeping with the rationale proffered by the SRO in numerous other decisions.

In SRO Appeal No. 95-66, in refusing to dismiss a petition on procedural bases, the SRO

stated:

> "I find that it would not be equitable nor consistent with the purposes of both Federal and
> State law governing this appeal to require petitioner to serve her papers again.  Respondent was
> clearly on notice of the commencement of this appeal, and it has not offered evidence that it has
> been prejudiced by the allegedly improper service.   Under the circumstances, I will deny
> respondent's request to dismiss the appeal because of petitioner's failure to adhere to the
> regulatory provisions governing service of the petition." *(Emphasis added).*

In addressing Respondent's assertion that the petition should be dismissed as untimely,
the SRO stated that [the Respondent] bears the burden of proving its affirmative defense that the
appeal is untimely. (at 2).

Here, the SRO held Respondent to no such burden of proof  and, instead,  placed the

burden on plaintiff noting that "she has not filed a reply to the procedural defenses interposed by

the district in its answer." (at 6).

---

[2] Administrative agencies "have no authority to create a rule out of harmony with the statute". *Finger
Lakes Racing Assn., Inc. v. New York State Racing & Wagering Bd.,*  45 N.Y.2d 471, 480-481, 382 N.E.2d 1131,
410 N.Y.S.2d 268, *quoting, Matter of Jones v. Berman,* 37 N.Y.2d 42, 43.   Here, portions of the Commissioner of
Education's Part 279 regulations clearly conflict with the import of the Individuals with Disabilities in Education
Act.    Should the Court deny Defendant's motion, Plaintiff intends to amend her complaint and seek judicial review
of the validity of such rules.

7

In its answer, the Defendant raised two procedural defenses: (1) that petitioner failed to serve a notice of intention to seek review in accordance with 8 NYCRR 279.2; and (2) that Plaintiff failed to serve the revised petition upon respondent. *(See, Whateley Aff., Ex.8).*

(1) As Defendant has acknowledged, the purpose of the notice of intention to seek review is that "it triggers the District's obligation to file an administrative record". *(See, Whateley Aff., Ex. 5, p.1).* Here, on February 29, 2012, after first acknowledging its receipt and tacit acceptance of Plaintiff's Petition, the SRO requested that Defendant file the administrative record by March 1, 2012 and informing the Defendant that it may seek additional time to file the record pursuant to 8 NYCRR 279.10. *(See, Whateley Aff., Ex. 4).* In response, Defendant's counsel informed the SRO that it had not been served with a notice of intention to seek review and requested, with Plaintiff's consent, that the SRO grant a 6-day extention of time to file the administrative hearing record. The SRO granted Defendant's request for additional time. *(See, Whateley Aff., Ex. 5, p.1, Notation by SRO: "Application Granted", dated 3/1/12).* Defendant's counsel raised no opposition to the SRO's acceptance of the Petition and did not in any wise treat it as a nullity.

(2) Defendant acknowledged that it had been properly served with the Notice of Petition and Verified Petition on February 22, 2012. *(See, Whateley Aff., Ex. 5).* However, regarding the Second Petition, Defendant states that it "was **never served** on the District." *Def's brief, p. 8).* As set forth *infra,* Defendant had been properly served with the second Petition by service upon its attorney in conformity with the Commissioner of Education's Rules and Regulations.

It is respectfully submitted that all pleadings subsequent to the original petition need only be made upon the adverse party's counsel, and that such service is properly made by United States mail. *8 NYCRR 275.8(b).* On February 27, 2012, Plaintiff served the reformatted

8

Second Petition on <u>both</u> the SRO and Defendant's counsel, by overnight mail. *(See, Whateley Aff., Ex. 3).*[3]  Defendant does not deny that it received the second petition by overnight mail.

Further, the core purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).   Here, the Defendant received the second petition and  answered it. *(See, Whateley Aff., Exs. 3 - 8).*  Thus, even if Defendant had not been served -- which, plainly, it had -- the purposes of service have been realized and Defendant has not been prejudiced, nor does it claim to have been.

Further, it is of critical importance to the Court's analysis that the SRO did <u>not</u> return to Plaintiff the filed and served Notice of Petition and Memorandum of Law in Support of the Petition.   The only document the SRO returned was the Petition which was 25 pages rather than 20 pages.   Mr. Sussman reformatted and served by overnight mail, explaining that he had mistakenly thought that the page limitation was 25 pages.    It is also of critical importance that neither the SRO nor the Defendant treated the second petition as a nullity.

Law favors disposition of litigation on its merits and dismissal should be resorted to only in extreme cases, as policy of law is to favor hearing of litigant's claim upon merits. *Davis v Operation Amigo, Inc.* 378 F2d 101 (10th Cir. 1967); *Marshall v Sielaff,* 492 F2d 917 (3rd Cir. 1974).   As the Second Circuit has held, involuntary dismissal is one of harshest sanctions at trial court's disposal because it usually extinguishes plaintiff's cause of action and denies him his day

---

[3] Such service by express mail is complete upon deposit in an official depository. *8 NYCRR 275.8(b).*

in court; thus, it is reserved for use only in most extreme circumstances. *United States ex rel. Drake v Norden Sys.* 375 F3d 248 (2nd Cir. 2004).

It is respectfully submitted that the cases cited above plainly demonstrate that this Court has subject matter jurisdiction to determine whether the SRO's decision to dismiss plaintiff's petition should be upheld and, under the circumstances of this case, it is respectfully submitted that it should not and that the Court deny Defendant's motion to dismiss and proceed to the merits.

## CONCLUSION

For the reasons set forth herein, the Defendant's motion to dismiss pursuant to FRCP 12(b)(1) should be dismissed in its entirety.

DATED:   Goshen, New York
         December 10, 2012.

                                        Respectfully submitted,

                                        SUSSMAN & WATKINS, ESQS.
                                        *Attorneys for Plaintiff*

                                        Mary Jo Whateley (mjw 9535)
                                        *Of Counsel*
                                        55 Main Street
                                        Goshen, NY   10924
                                        (845) 294-3991
                                        (845) 294-1623